### THE STATE v. McGRAW, Walk. Miss. Rep., 208.

An indictment for stealing a negro man not called a slave is insufficient.  A trial and acquittal on an indictment for stealing a negro *man*, is no bar to a subsequent prosecution for stealing a negroman, *slave.*   A conviction or acquittal, or an invalid indictment, is no bar to a second prosecution.

TURNER, J.:

It appears by the record, that at the October Term, 1823, of Pike circuit court, the defendant was indicted for stealing a negro man, on which charge he was tried on the plea of not guilty, and acquitted.   At the same time he was also indicted for stealing one negro man, *slave,* named Emanuel, etc., of the goods and chattels of one William B. Heath, etc.   On his arraignment, he pleaded a former acquittal for the same offense, to which the state replied *nul tiel* record of a former acquittal; and the court doubting the law, referred the case to this court, on the issue of *nul tiel* record.

It appears by the record that the district attorney appeared to enter a *nolle prosequi* on the first indictment, and informed the prisoner and his counsel, that he considered that indictment invalid, and had preferred another, and submitted to them, whether they would risk a trial on the first indictment—whereupon the prisoner and his counsel would not move to quash the first indictment, but claimed a trial by jury. A trial was had, and verdict for the defendant.

I am of opinion that the first indictment was insufficient to warrant a conviction, and on which no sentence could have been passed against the prisoner. It charges the prisoner with having stolen a negro man, nowhere called a slave in the whole indictment; and it is obvious that the attorney of the state aimed at an indictment under the statute, for stealing a slave. The authorities summed up in the first volume of Chitty's Criminal Law, p. 453, etc., show clearly, that a conviction or acquittal on an invalid indictment, cannot be pleaded in lieu of a second, on subsequent prosecution. Wherefore, let judgment be entered for the state, on the issue joined on the plea of *autrefois acquit;* and it is ordered that the cause be remanded for further procedings in the circuit court of said county of Pike.